**Memorandum Supporting**
**Patrick E. Churchville's**
**Petition for a Writ of Habeas Corpus §2241**

<u>November 3, 2020</u>

**<u>Introduction</u>**

On August 25, 2020 The U.S. District Court of New Jersey granted Aryeh Goodman's petition for Habeas Corpus relief under §2241, and ordered the Bureau of Prisons (BOP) to award Goodman 120 days of Good Time Credit (GTC) earned under the First Step Act, adjust the sentence accordingly and immediately release Goodman from prison (See Exhibit A - Goodman v. Ortiz - Civ. No. 20-7582 (RMB), NJ August 25, 2020.)

I am bringing an identical petition to the Court and asking for a similar judgement and order. As of October 10, 2020, I have earned 330 days of Good Time Credit under the First Step Act. The award and application of the days would cause my Release and Home Confinement dates to be adjusted, making me eligible for immediate release to Home Confinement on November 9, 2020 (details and calculations to follow).

The First Step Act and the Goodman ruling clearly state that the BOP must begin awarding earned Good Time Credits as of January 15, 2020 for credits accumulated since the First Step Act was enacted into law on December 21, 2018. I have included details of my sentence, my BOP risk profiles, and credits earned through October 10, 2020 (330 days). If the Court agrees with my petition I respectfully request that an order be issued to the BOP and FCI Morgantown with the following provisions:

- Award and apply the 330 days of Good Time Credit towards Supervised Release (up to 365 days on 1/8/2021 - details to follow).
- Adjust my Release date from April 3, 2022 to May 8, 2021.
- Adjust my Home Confinement eligibility date form October 5, 2021 to November 9, 2020.

1

- Immediately release me to Home Confinement where, if necessary, I will self quarantine for 14 days as a Covid precaution.

**Background and Facts**

- I began my period of incarceration on April 17, 2017 by self-reporting to the SPC Berlin, NH. I was sentenced to 84 months for wire fraud by the U.S. District Court of Rhode Island.
- I am a first time, non-violent offender. I have had zero disciplinary actions or incident reports. My security level is a zero and I am classified for community custody - both are the lowest levels in the BOP (See Exhibit B - Custody Classification Report).
- My PATTERN recidivism score has been at "MINIMUM" for three (3) consecutive reports, which, under §3632(d)(4)(A)(i and ii) of the First Step Act, qualifies me to earn 15 days of Good Time Credit for every 30 days of programming and/or productive activities (See Exhibit C - PATTERN score sheets).
- At SPC Berlin I participated and worked in V.T. (Vocational Training) program as well as other programs, classes and productive activities from April 17, 2017 to June 6, 2019. I was transferred to FCI Morgantown, WV in June of 2019 for the sole purpose of taking the RDAP program (See Exhibit D - Program Reviews from Berlin and Morgantown 2018-2020). Therefore, I have been participating in programming and productive activities since the First Step Act was passed into law on December 21, 2018. Through October 10, 2020 that equates to 660 days of programming and productive activities, earning me 330 days of Good Time Credit.
- The First Step Act states in section 3632(d)(4)(B)(i): Availability - A prisoner may not earn time credits under this paragraph for an evidence based recidivism reduction program that the prisoner completed (i) prior to the date of enactment of this subchapter (December 21, 2018).

In other words, prisoners CAN earn time credits going forward from the date of enactment (December 21, 2018). This was confirmed in the Goodman case with the award of

2

time credits earned beginning November 9, 2019. Therefore, as of October 10, 2020, I have been participating in programming and productive activities since December 21, 2018, which is 660 days. This equates to twenty-two (22), thirty (30) day periods, for which I have earned 15 days of good time for each 30 day period, totaling 330 good time days (22 X 15 = 330). In addition, for every 30 days past October 10, 2020, I will earn another 15 days of good time (11/9/2020, 12/9/2020, and 1/8/2021) up to the maximum 365 days of good time allowed under the First Step Act.

- My current "Release Date" (the day my term of imprisonment ends and I begin Supervised Release) is April 3, 2022. This should be adjusted down by 330 days to May 8, 2021.
- My current "Home Confinement Eligible Date" is October 3, 2021. This should also be adjusted by 330 days to November 9, 2020 (See Exhibit E - Sentence Computation for current release and Home Confinement dates).
- For every 30 day period past October 10, 2020 (11/9/2020, 12/9/2020, and 1/8/2021) these dates should be dropped by another 15 days up to the maximum 365 days.
- I have been recommended for 181-270 days of Home Confinement as part of my "standard" release plan. This is separate from Good Time Credits earned under the First Step Act, which clearly states in Section 3632(d)(6) that all credits and awards under the First Step Act are "...in addition to any other rewards or incentives....". Even if I were to receive the minimum 181 days, net of my 330 days Good Time Credit, I should be sent to Home Confinement on November 8, 2020 (and earlier for every 30 days past October 10, 2020).
- I submitted requests to both my Case Manager and the Warden at FCI Morgantown asking for my Good Time Credits to be calculated and awarded (See Exhibit F - Request to Morgantown Staff). My Case Manager replied saying she had no information for me - the Warden did not reply all, which according to the BOP Program Statement, is considered the same as denial. I am therefore left with no choice but to seek relief from

3

the Court in the same manner Aryeh Goodman did. And as the ruling states, there is no requirement to exhaust all administrative remedies in situations where statutory construction and threat to liberty are at stake.

**Summary and Request**

The BOP has decided that they do not need to award any Good Time Credits until 1/15/22. They are not "Phasing-In" or Prioritizing awards based on Release Date - and there is no amount of Administrative Remedy Requests that will change this. Judge Bumb clearly states in the Goodman ruling that the BOP's interpretation is incorrect, and against the spirit of the law (page 15):

> "The ordinary meaning of "phase-in" combined with the analysis of the statutory framework of Section 3621(h) unambiguously supports the conclusion that the BOP must gradually implement the risk recidivism program, including the priority application of incentives to prisoners whose release dates are nearer, such as the Petitioner.

III. CONCLUSION

> The BOP's position that a prisoner can complete the PATTERN program before January 15, 2022 with no benefit to the prisoner is contrary to the statutory language, not to mention the unfairness of such a result. Therefore, the Court concludes that Petitioner is entitled to habeas relief."

I am requesting the Court grant me what I have earned under the law - 330 days of Good Time Credit (345 days on November 9, 2020, 360 days on December 9, 2020, and 365 days on January 8, 2021). The Goodman case clearly and definitively proves that Good Time Credits earned under the First Step Act beginning December 21, 2018 should be awarded and applied beginning January 15, 2020 and upon completion going forward.

As of October 10, 2020, I earned 330 days of Good Time Credit, which would place me in Home Confinement no later than November 8, 2020. Every day I am held in prison after November 8, 2020 is a violation of the law and my Constitutional Rights.

4

I am respectfully requesting that the Court grant my petition and issue an order to the BOP and FCI Morgantown with the following provisions:

- Award and apply 330 days of Good Time Credit I have earned toward Supervised Release (or 345 days on November 9, 2020, 360 days on December 9, 2020, and 365 days on January 8, 2021).
- Adjust my Release date down 330 days from April 3, 2022 to May 8, 2021 (or further up to 365 days as stated above).
- Adjust my Home Confinement date down 330 days from October 3, 2021 to November 8, 2020 (or further up to 365 days as stated above).
- Immediately release me to Home Confinement where if necessary, I will self quarantine for 14 days a Covid precaution.

Given that this issue involves deprivation of liberty and freedom, I ask that the Court expedite this process as much as possible so that I am not wrongfully held in custody any longer than is necessary.

Finally, as I have been deemed financially destitute and unable to afford legal representation, I request that the Court appoint a Federal Public Defender to represent me going forward in this matter.

                          Respectfully,

                          Patrick E. Churchville

                          Reg # 11354-070

                          FCI Morgantown

                          PO Box 1000

                          Morgantown, WV 26507