**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**PATRICK E. CHURCHVILLE,**

　　　　Petitioner,

**v.**　　　　　　　　　　　　　　　　　　**CIVIL ACTION NO.: 3:20-CV-208
(GROH)**

**F.J. BOWERS, Warden,**

　　　　Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on May 19, 2021.   ECF No. 18. Therein, Magistrate Judge Trumble recommends that the Petitioner's § 2241 Petition [ECF Nos. 1 & 7] be denied and dismissed without prejudice, and further recommends that the Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [ECF No. 11] be granted.   For the reasons discussed below, the Court adopts the R&R in full.

### I. Background[1]

On November 5, 2020, the pro se Petitioner, an inmate at FCI Morgantown, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.   ECF No. 1.   On November 17, 2020, he refiled his Petition on the Court-approved form.   ECF No. 7. The Petitioner's sole claim for relief is that the Bureau of Prisons ("BOP") improperly

---

1     Upon reviewing the record, the Court finds that the R&R accurately and succinctly describe the factual circumstances underlying the Petitioner's claim.   For ease of review, the Court incorporates those facts herein.

calculated his federal sentence by failing to grant him 330 days of earned Good Time Credits pursuant to the First Step Act ("FSA").   Id. at 5–6; ECF No. 7-1.   For relief, he requests that the Court order the BOP to: (1) award him all earned good time credits towards his supervised release; (2) adjust his release date to May 8, 2021; (3) adjust his home confinement date to November 8, 2020; (4) immediately release him to home confinement; (5) expedite his case; and (6) appoint him counsel.   Id. at 8.

In lieu of an answer, the Respondent filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment on December 14, 2020.   ECF No. 11.   Therein, the Respondent argues that the petition should be dismissed because the Petitioner has not exhausted his available administrative remedies, and even if he had exhausted his administrative remedies, his request is premature because the BOP has until January 15, 2022, to implement the FSA.   On January 4, 2021, the Petitioner filed a response to the Respondent's motion.   ECF No. 16.   He contends that he is not required to exhaust his administrative remedies because doing so would be futile.   Id. at 2.   He also asserts that "the Respondent's claim that the BOP is not required to implement the First Step Act and award credits until January 2022 is contrary to the language of the law" because the FSA states that beginning on January 15, 2020, "the BOP is required to begin awarding credits to prisoners who have successfully . . . participated in [recidivism-reducing] programs and activities, with the priority given to those with release dates in the near future."   Id. at 3–4.

Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R, which he entered on May 19, 2021.   ECF No. 18.   As an initial matter, the R&R finds that the Court does

not have the authority to compute the Petitioner's federal sentence because that is the exclusive responsibility of the BOP.   <u>Id.</u> at 11.   Furthermore, it finds that even if the Court did have the authority, the Petitioner's claim is premature because the BOP has additional time to implement the FSA.   <u>Id.</u>   Finally, the R&R finds that this Court lacks jurisdiction to consider the petition because the Petitioner failed to exhaust his administrative remedies and has not made a showing of good cause and prejudice.   <u>Id.</u> at 12–13. Accordingly, Magistrate Judge Trumble recommends that the Court dismiss the petition without prejudice and grant the Respondent's motion.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.   <u>Thomas v. Arn</u>, 474 U.S. 140, 150 (1985).   Failure to file timely objections constitutes a waiver of de novo review and of a Petitioner's right to appeal this Court's Order.   28 U.S.C. § 636(b)(1); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).

The Petitioner timely filed objections to the R&R on June 1, 2021.[2]   ECF No. 21. The Respondent, through counsel Maximillian F. Nogay, Assistant U.S. Attorney, filed a

---

[2]     Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of the Petitioner being served with a copy of the same.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).   The R&R was mailed to the Petitioner by certified mail on May 19, 2021. ECF No. 18.   The Petitioner accepted service on May 25, 2021.

Response to the Petitioner's objections on June 7, 2021.   ECF No. 22.   Accordingly, the Court will review the portions of the R&R to which the Petitioner objects de novo, and the remaining portions of the R&R for clear error.

### III. Discussion

Upon review of all the filings in this matter, the Court finds that the Petitioner has not presented any new material facts or arguments in his objections.   Rather, the objections reiterate the same arguments the Petitioner made in his original filings, which were considered by the magistrate judge when he issued the R&R.   Specifically, these arguments can be found in the Petitioner's § 2241 petition [ECF Nos. 1 & 7] and the Petitioner's response in opposition to the motion to dismiss [ECF No. 16].   Therefore, the Court finds that de novo review is not required because the Petitioner has failed to make specific objections that present new facts or arguments not already before the magistrate judge.

For example, the Petitioner restates his argument that the exhaustion requirement for § 2241 petitions should be excused in this case because he was "faced with Futility" [ECF No. 21 at 3], which was considered and rejected by the magistrate judge.   The Petitioner also restates, without support, that the BOP's two-year phase-in period of the Act requires the BOP to "begin implementation on [January 15, 2020] and build up to full implementation on a final date [January 15, 2022]."   Id. at 2.   As more fully discussed in the R&R, the Petitioner's interpretation of the two-year phase-in period is erroneous: The phase-in period requires the BOP to implement the Act by January 15, 2022, meaning that the BOP has additional time to implement the Act.   Accordingly, the R&R correctly finds that the Petitioner's claim is premature.

4

## IV. Conclusion

Upon careful review of the R&R, the Petitioner's objections, and the Respondent's Response, the Court **ORDERS** that Magistrate Judge Trumble's Report and Recommendation [ECF No. 18] should be, and is hereby, **ADOPTED**.   Therefore, the Petitioner's § 2241 Petition [ECF Nos. 1 & 7] is **DENIED** and **DISMISSED WITHOUT PREJUDICE.**   The Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [ECF No. 11] is hereby **GRANTED**.

The Clerk is **DIRECTED** to strike this matter from the Court's active docket.   The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record herein and to mail a copy of this Order to the pro se Petitioner by certified mail, return receipt requested.

**DATED:** July 26, 2021

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE